RAYMOND J. FULLERTON, ESQ., SBN 219264
STERLING E. TIPTON, ESQ., SBN 259982
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
90 South E Street, Suite 300
Santa Rosa, California  95404
Telephone:  707/545-1660
Facsimile:   707/545-1876
rfullerton@gearylaw.com

Attorneys for Plaintiff
BETTER HOMES REALTY, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER HOMES REALTY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FRANCO WATMORE, FLORIAN ANTONIETTA LOSAPIO, FLS AND ASSOCIATES, INC., AND DOES 1 TO 25,<br><br>Defendants. | CASE NO.:  **'16CV1607 BEN MDD**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND INJURY TO BUSINESS REPUTATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BETTER HOMES REALTY, INC. (hereinafter "Plaintiff" or "BHR"), by its attorneys, as and for its Complaint against defendants JOHN FRANCO WATMORE, FLORIAN ANTONIETTA LOSAPIO and FLS AND ASSOCIATES, INC., alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1. This is a Complaint for Trademark Infringement, Unfair Competition, False Designation, arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1) Trademark Infringement and 1125(a) Unfair Competition and False Description, unfair business practices arising under California Business and Professions Code § 17200, *et seq.*, common law unfair competition, and injury to business reputation.

2. This court has original subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This court has supplemental jurisdiction over all other claims so related to the claims in this action within such original jurisdiction, including but not limited to the State law claims pursuant to 28 U.S.C. 1338(b) and 28 U.S.C. 1367. This court has diversity jurisdiction of this matter pursuant to 28 U.S. Code § 1332.

3. This court has personal jurisdiction over defendants because they are residents of the State of California and their principal place of business is in California and within the Southern District of California.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because, based on information and believe, all defendants' reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this District and a substantial part of the property that is the subject of this action is situated in this District.

## II.

## THE PARTIES

5. Plaintiff BHR is a corporation in good standing organized and existing under the laws of the State of Nevada with a principal place of business at 9421 Verlaine Ct., Las Vegas, NV 89145.

6. Upon information and belief, plaintiff alleges that defendants Watmore and LoSapio are, and at all times mentioned herein were, individuals residing in the State of California and doing business in this District using the DBAs "sandiegobetterhomes.com," "San Diego Better Homes," and/or "San Diego Better Homes Realty."

7. Defendant FLS and Associates, Inc. is a California corporation with its primary place of business located at 2604 West Canyon Avenue, San Diego, CA  92123.

8. Plaintiff is ignorant of the true names and capacities of the defendants sued in this Complaint as Does 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged in this Complaint, and plaintiff's damages are actually and

Complaint for Trademark Infringement, Unfair Competition, False Designation, Injury to Business Reputation

proximately caused by the conduct of such defendants.

## III.

## FACTUAL BACKGROUND

9. BHR is engaged in the real estate brokerage franchising business under the names "BETTER HOMES" and "BETTER HOMES REALTY." BHR and its predecessor have been continuously engaged in this business using such marks since 1964 in the United States. BHR has franchise locations throughout Northern and Southern California and throughout the United States.

10. Plaintiff's predecessor was the owner of and registered the "BETTER HOMES REALTY" marks (U.S. Trademark Registration Nos: 1509510 and 1344964) with the United States Patent and Trademark Office (the "PTO") on June 25, 1985. The statutory Declarations of Continued Use and Incontestability were duly and accepted, and subsequent renewals also timely filed. Both registrations are currently "live" and enjoy all the benefits of incontestability. BHR-CA assigned such mark to Avalar Network, Inc. on October 10, 2008. Avalar Network Inc. then assigned such marks to BHR in or about June 2015. Thus, BHR owns the valid and protectable "BETTER HOMES REALTY" marks.

11. Defendants offer real estate and investment services under the DBAs "San Diego Better Homes," "sandiegobetterhomes.com," and/or "San Diego Better Homes Realty," advertising to be "a one-stop real estate website for all your home buying and selling needs in San Diego, CA." Defendants' advertising materials include, but are not limited to the following:



**San Diego Better Homes Realty**
John Watmore
Floriana LoSapio

LAW OFFICES OF
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

Defendants prominently use the "Better Homes" and BETTER HOMES REALTY mark on their websites and marketing materials.  Further, plaintiff and defendants are in the identical business, namely, residential real estate.  Defendants' marketing and advertising materials are directed to the same potential customers through identical market channels as plaintiff's.

12. Plaintiff has not authorized or consented to any of defendants' use of plaintiff's trademarks, and plaintiff has not sponsored or approved any of defendants' services.

13. Defendants' use of "Better Homes" and "Better Homes Realty" on its websites and in its promotion and advertising materials constitutes the use in commerce of a colorable imitation, copy and reproduction of plaintiff's service mark.  The marks share an identical sight and sound and strong similarity of meaning.  Defendants' use of "Better Homes" and "Better Homes Realty" is deceptively and confusingly similar to plaintiff's longstanding trademark.

14. Defendants' use of the Better Homes and Better Homes Realty mark is likely to cause confusion, mistake or deception in the minds of the public.

15. On April 28, 2016 and again on May 26, 2016, BHR demanded that defendants cease and desist all use of the Better Homes trade name and service marks.  Defendants have refused and continue to refuse to do so.

## FIRST CLAIM

## TRADEMARK INFRINGEMENT

## 15 U.S.C. §1114(1)

16. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraph 1 through 15.

17. Plaintiff and its predecessor have made substantial and continuous use of the name "Better Homes Realty" since 1964.

18. Defendants' use of "BETTER HOMES" San Diego, Better Homes and sandiegobetterhomes.com comprises an infringement of plaintiff's registered trademarks and is likely to cause confusion, mistake and deception of the public as to the identity and origin of plaintiff's business, causing irreparable harm to plaintiff for which there is no adequate remedy at law.

19. By reason of the foregoing acts, defendants are liable to plaintiff for trademark infringement under 15 U.S.C. §1114(1)(a) and (b).

20. Defendants' actions constitute knowing, deliberate, and willful infringement of plaintiff's federally registered marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

21. As a result of Defendants' infringement, plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by plaintiff in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## **SECOND CLAIM**

## **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

## **15. U.S.C. 1125(a)**

22. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 21.

23. Defendants have deliberately and willfully attempted to trade on plaintiff's longstanding goodwill in its name and marks and the reputation established by plaintiff in connection with its real estate services, as well as in order to confuse consumers as to the origin of defendants' services as those connected or related to plaintiff.

24. Defendants' unauthorized conduct has also deprived and will continue to deprive plaintiff of the ability to control consumer perception of its real estate services offered under its federally registered marks, placing plaintiff's valuable reputation and goodwill in defendants' hands.

25. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of defendants and their real estate services with plaintiff, and as to the origin, sponsorship or approval of defendants and their products and services by plaintiff, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

26. Upon information and belief, plaintiff alleges that defendants had direct and full

1 knowledge of plaintiff's prior use of and rights in its marks before the acts complained of herein.
2 The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional
3 case under 15 U.S.C. § 1117(a).

4     27.    As a result of defendants' conduct described herein, plaintiff has suffered damage, as
5 well as the continuing loss of the goodwill and reputation.  This continuing loss of goodwill cannot
6 be properly calculated and thus constitutes irreparable harm and an injury for which plaintiff has no
7 adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins
8 Defendants' conduct.

## THIRD CLAIM

## UNFAIR COMPETITION UNDER CALIFORNIA

## BUSINESS AND PROFESSIONS CODE § 17200 et seq.

12     28.    Plaintiff repeats and hereby incorporates herein by reference, as though specifically
13 pleaded herein, the allegations of paragraphs 1 through 27.

14     29.    This cause of action is brought pursuant to Unfair Competition Law at Business &
15 Professions Code § 17200 et seq.  Defendants' conduct constitutes unfair, unlawful and/or
16 fraudulent business practices within the meaning of Business & Professions Code § 17200.

17     30.    Pursuant to California Business and Professions Code § 17203.  Plaintiff is entitled
18 to preliminary and permanent injunctive relief ordering defendants to cease this unfair competition,
19 as well as disgorgement of all of defendants' profits associated with this unfair competition.

## FOURTH CLAIM

## COMMON LAW UNFAIR COMPETITION

22     31.    Plaintiff repeats and hereby incorporates by reference as though specifically pleaded
23 herein Paragraphs 1 through 30 above.

24     32.    By their acts aforesaid, defendants are engaged in unfair competition under the
25 common law of the State of California, causing irreparable injury to plaintiff and damage to the
26 public.

27 ///
28 ///

Law Offices of
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

- 6 -
Complaint for Trademark Infringement, Unfair Competition, False Designation, Injury to Business Reputation

# FIFTH CLAIM

## COMMON LAW INJURY TO BUSINESS REPUTATION

33.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 32.

34.     Plaintiff alleges that defendants' use of plaintiff's trademark inures and creates a likelihood of injury to plaintiff's business reputation because persons encountering defendants and their products and service will believe that defendant are affiliated with or related to or has the approval of plaintiff, and any adverse reaction by the public to defendants and the quality of their products and the nature of their business will injure the business reputation of plaintiff and the goodwill that it enjoys in connection with its BETTER HOMES REALTY trademark.

**WHEREFORE, plaintiff prays:**

1.     That defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from defendants, and each of them, be preliminarily and permanently enjoined from:

(a)     using plaintiff's trademark, or any colorable imitation thereof;

(b)     using any trademark that imitates or is confusingly similar to or in any way similar to plaintiff's trademark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of plaintiff's services or their connectedness to defendants;

(c)     using "sandiegobetterhomes.com," "San Diego Better Homes" or any other name or mark continuously similar thereto.

2.     That, pursuant to 15 U.S.C. § 1117, defendants be held liable for all damages suffered by plaintiff resulting from the acts alleged herein;

3.     That, pursuant to 15 U.S.C. § 117, defendants be compelled to account to plaintiff for any and all profits derived by them from their illegal acts complained of herein;

4.     That the defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of defendants bearing a

LAW OFFICES OF
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.

trademark found to infringe plaintiff's trademark rights, as well as plates, matrices, and other means of marking the same;

5. That defendants be required to refrain from using or adopting any corporate name that contains Better Homes or any name or mark confusingly similar thereto;

6. That the Court award plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7. That the Court grant plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law;

8. For a jury trial of all issues triable before a jury; and

9. For such other and further relief as the Court deems just and proper.

DATED: June 23, 2016                    GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.


By _____/S/_____
        RAYMOND J. FULLERTON
        Attorneys for Plaintiff
        BETTER HOMES REALTY, INC.

LAW OFFICES OF
Geary,
Shea,
O'Donnell,
Grattan &
Mitchell
p.c.