THE ALBERTS FIRM, APC
Houston M. Watson, Esq. (SBN 163703)
1901 East Fourth Street, Ste. 150
Santa Ana, CA 927056
Office: (714) 581 8838
Fax: (714) 581 8836
Email: hwatson@albertsfirm.com

Attorneys for Defendants
John Franco Watmore, Florian Antonietta Losapio,
and FLS and Associates, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER HOMES REALTY, INC., | Case No. 16-cv-01607-BEN-MDD |
| Plaintiff, | **DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULES OF PROCEDURE RULE 12(B)(6).** |
| v. | |
| JOHN FRANCO WATMORE, FLORIAN ANTONIETTA LOSAPIO, FLS AND ASSOCIATES, INC., AND DOES 1 TO 25, | |
| Defendants. | Date: October 24, 2016<br>Time: 10:30 a.m.<br>Judge: Honorable Roger Benitez<br>Dept.  5A |
| | [DEFENDANTS' NOTICE OF ERRATA FILED CONCURRENTLY HEREWITH] |
| | **PER CHAMBERS, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

///

///

///

## I.     SUMMARY OF REPLY BRIEF

Following a review of the Plaintiff's Opposition to Defendants' Motion to Dismiss (the "Opposition"), and the authorities cited therein, the movie "Wizard of Oz" comes to mind where after Toto pulls back the curtain revealing the true Wizard of Oz, Dorothy is told to "Pay no attention to the man behind the curtain. I am the great and all powerful Wizard of Oz!". Much like the "hologram wizard" who demanded that Dorothy believe what she heard rather than what she actually saw, the Plaintiff would have this Court completely ignore some very important visual facts which this Court can, and should, consider in dismissing this matter. Moreover, these "visual" facts were referenced in the Plaintiff's Complaint and hence are appropriate for judicial notice.

First and foremost, not once in the Complaint, nor in the Opposition, does the Plaintiff ever allege that it uses either the word mark "Better Homes Realty" (US Trademark Registration Number 1509510) or the design crest with the words "Better Homes Realty" (US Trademark Registration Number 1344964) (collectively the "Marks") in the relevant market, which in this case is limited to San Diego. The purpose of a trademark is to help consumers identify the source, but a mark cannot serve a source-identifying function if the public has never seen the mark and thus is not meritorious of trademark protection until it is used in public in a manner that creates an association among consumers between the mark and the mark's owner. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.,* 174 F.3d 1036, 1051 (9th Cir.1999). The potential buyers and sellers of real property in San Diego are not exposed to the Plaintiff's Marks because the Plaintiff does business and advertises in San Diego as "BHR San Diego"; nor is it's claimed protected design crest even shown on its website[1].

Second, the Plaintiff cites no authorities from this Southern District which prohibits this Court from taking judicial notice of the documents to which Plaintiff objects and blatantly attempts to mislead this Court when making such blanket assertions that this

---

[1] See Defendants' Request for Judicial Notice (hereinafter "RJN") #s 14-19.

Court cannot do so when there are plenty of legal authorities to the contrary as other district courts in California have taken judicial notice of the exact types of information as requested by Defendants in this case. Moreover the cases cited by Plaintiff are easily distinguishable from this case. The reason that Plaintiff objects to these (1) self-authenticated governmental documents, (2) party admissions contained in the parties' respective websites, and (3) Google searches of the Plaintiff's claimed protected marks, is that Plaintiff knows it cannot possibly prevail against the Defendants as there is no likelihood of confusion as a matter of law.

The San Diego County Fictitious Business Name Statements confirm that the Defendants marks complained of by the Plaintiff are owned solely by the corporate defendant FLS & Associates, Inc. ("FLS"), rather than by any individual defendant. These filings are matters of public record whose accuracy is not subject to reasonable dispute[2]. The Plaintiff seeks to state a claim against these individual defendants, John Watmore ("Watmore") and Florianna Losapio ("Losapio"), simply as leverage because their pictures and names are contained on the FLS website and an ad which is incorporated in the Complaint. Despite Plaintiff's claims to the contrary in the Opposition, the Complaint does not allege any other actions which would subject them to individual liability but instead simply collectively alleges all wrongdoing by the

---

[2] As to RJN#s 2 and 3, which Plaintiff opposed on the basis that Exhibit 2 was the same as Exhibit 1 and that Exhibit 3 omitted the actual search terms, both were inadvertent omissions. The actual search term in Exhibit 3 was "San Diego Better Homes" as was clearly indicated in the Request for Judicial Notice despite Plaintiff's claim to the contrary. Defendant also apparently and inadvertently filed the same Exhibit 1 (Certified Copy of San Diego County Fictitious Business Name Statement for "San Diego Better Homes Realty" filed August 5, 2013 and owned by FLS & Associates, Inc.) as Exhibit 2 (which should have been Certified Copy of San Diego County Fictitious Business Name Statement for SANDIEGOBETTERHOMES.COM" filed May 27, 2009 and owned by FLS & Associates, Inc. True and correct copies of (1) Exhibit 2 - Certified Copy of San Diego County Fictitious Business Name Statement for SANDIEGOBETTERHOMES.COM" filed May 27, 2009 and owned by FLS & Associates, Inc. and (2) Exhibit 3 - Saved Screenshot showing four results but not one is the exact match for "San Diego Better Homes" under San Diego County Fictitious Business Name Statement search conducted September 7, 2016 are submitted with Defendants' Notice of Errata filed concurrently herewith. This should dispose of Plaintiff's objections. See also *National Grange of the Order of Patrons of Husbandry v. California State Grange* 2016 WL 1587193 (E.D. Cal. April 20, 2016). **" 'The court takes judicial notice of filings with the California Secretary of State and County of Sacramento because they are matters of public record whose accuracy is not subject to reasonable dispute.** See Fed. R. Evid. 201; *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001); see also *Grant v. Aurora Loan Servs., Inc.,* 736 F.Supp.2d 1257, 1265 (C.D.Cal.2010) (judicial notice of incorporation filings with Delaware secretary of state); *Helmer v. Bank of Am., N.A.*, Civ. No. 2:12–733 TLN, 2013 WL 4546285, at *2 (E.D.Cal. Aug. 27, 2013) (judicial notice of records filed with county).' "

collective "defendants" which is insufficient. *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143, 1150 (9th Cir. 1992).

The parties' respective websites are appropriate for judicial notice because the Plaintiff specifically references them in its Complaint. See Complaint ¶11 referencing websites and "identical marketing channels". The screenshots from the Plaintiff's website (especially RJN#15 Saved Screenshot of "www.BHR.com/index.php/our-offices" conducted September 7, 2016), are trustworthy as party admissions[3] for among other things, (1) the name under which Plaintiff does business in San Diego, "BHR San Diego", as well as (2) the absence of the use of the design crest mark (US Trademark Registration Number 1344964).

Additionally, the parties' control of their respective websites, and commercial self-interest in maintaining the same, eliminates any concerns the Court could have in taking judicial notice of the names under which both parties do business in San Diego. This information is accurately and readily determined, much like a game manufacturer's[4] product packaging, which is a proper subject for judicial notice.

Finally this Court can[5] and should take judicial notice of the Google searches of the words/phases "better homes", "better homes realty", "Better Homes Realty", "BHR" and/or "BHR.com" which confirm that an internet user will NOT in any way find the Defendants marks or locate any Defendant using any of the Plaintiff's Marks. The sense of sight is the most dominant one used by the consumers in this case and much like

---

[3] RJN#15 confirms that the Plaintiff does business in San Diego as "BHR San Diego" rather than as "Better Homes Realty of _____" (insert name of city) or "Better Homes Realty" which it does in 31 of its 34 Northern and Southern California franchises.

[4] See *Elec. Arts, Inc. v. Textron Inc.*, 2012 BL 187763, 2012 U.S. Dist. LEXIS 103914, 6-7 (N.D. Cal. July 25, 2012) **where the Northern District Court took judicial notion of game packaging in a 12(b)(6) motion to dismiss.**

[5] See *National Grange of the Order of Patrons of Husbandry v. California State Grange* 2016 WL 1587193 fn. 5 (E.D. Cal. April 20, 2016). **Court takes judicial notice of internet web searches on Google**. **"To the extent some of the descriptions about Google and ZoomInfo's websites are not in the record, the court takes judicial notice of www.Google.com and www.ZoomInfo.com and the information contained therein pursuant to Federal Rule of Evidence 201. See** *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005) **(finding judicial notice of webpages appropriate because "[j]ust as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages")**; *Hendrickson v. eBay, Inc.,* 165 F.Supp.2d 1082, 1084 n. 2 (C.D.Cal.2001) **(taking "judicial notice of www.eBay.com and the information contained therein pursuant to Federal Rule of Evidence 201").**

Dorothy they can believe what they see when reviewing the respective websites. Hence there is no likelihood of confusion as a matter of law and no amount of opportunities to amend can save this matter. Defendants will now address Plaintiff's objections and Opposition to Defendants Motion to Dismiss and Request for Judicial Notice.

## II. PLAINITFF CONSISTENTLY AND BLATANTLY MISSTATES THE APPLICABLE STANDARDS REGARDING THE MATTERS THAT MAY BE CONSIDERED BY THIS COURT IN RULING ON DEFENDANTS' REQUESTS FOR JUDICAL NOTICE AND THEIR 12(B)(6) MOTION.

### A. This Court is not merely limited to the allegations of the Plaintiff's Complaint as the Plaintiff has claimed.

According to the Opposition, Defendants "motion to dismiss must be adjudicated based upon the allegations that are contained in the complaint. Defendants are attempting to misuse their Request For Judicial notice in a one-sided effort to introduce ancillary facts and inappropriately treat this motion as one for summary judgment." Opposition Page 7, Lines 17-20. The Plaintiff further argues that "it is inappropriate for Defendant to seek judicial notice of documents in an attempt to disprove these well pleaded claims." Opposition Page 12, Lines 5-7. That is clearly erroneous. Materials and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. "'Such consideration does 'not convert the motion to dismiss into a motion for summary judgment.'" *Branch v. Tunnell* 14 F.3d 449, 453 (9th Cir. 1994) overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

The "incorporation by reference" doctrine, as adopted by the Ninth Circuit, permits this Court:

> "to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.' *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v.*

*Tunnell,* 14 F.3d 449, 454 (9th Cir.1994)). (alteration in original).We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir.1998) (holding that the district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims depended on the conditions described in the documents, and plaintiff never disputed their authenticity); *see also Horsley v. Feldt,* 304 F.3d 1125, 1135 (11th Cir.2002) (taking into account newspaper article containing allegedly defamatory statement under the 'incorporation by reference' doctrine where it was 'central' to plaintiff's claim, defendant attached it to the motion for judgment on the pleadings, and plaintiff did not contest its authenticity). ***The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material. Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages. Knievel , supra at 1076.*** (Emphasis added).

In its Complaint, ¶¶ 6, 9 and 11, the Plaintiff specifically refers to fictitious business names "San Diego Better Homes," "San Diego Better Homes Realty," and "sandiegobetterhomes.com" alleged to be owned by the individual Defendants Watmore and Losapio. Defendants Request for Judicial Notice #s 1-7 clearly refute these allegations[6] and are the proper subject for this Court's consideration as government documents. Moreover Plaintiff's reference to (1) Plaintiff's franchise operations in Northern and Southern California, (2) Defendant FLS' website "sandiegobetterhomes.com" and utilization of the names "San Diego Better Homes," and

---

[6] Plaintiff's objects to RJN Nos. 3 through 7 "as the screenshots do not show which search terms lead to each set of results" is blatantly false with the exception of No. 3 which as explained in footnote No.1 was inadvertently left out but included in Defendants' Notice of Errata filed concurrently herewith. Moreover, even if they were owned by the individual defendants or the other allegations in the Complaint were enough to allege any individual liability against Defendants Watmore and Losapio, the Complaint should still be dismissed because for the reasons set forth in the Motion to Dismiss.

"San Diego Better Homes Realty" and (3) its allegations that Defendants "websites and materials relate to the same services that BHR provides and are targeted to reach the same potential customers through identical market channels" open the door for this Court to take judicial notice of the parties respective websites and internet searches for the same despite Plaintiff's blatant misrepresentation that the same is prohibited. **Again, the Plaintiff has not objected to the authenticity of these documents; rather its objections relate to whether this Court could consider them in connection with Defendants' Motion to Dismiss.** Defendants have provided authority for the same in its Request for Judicial Notice and have provided further authorities in this Reply[7], as well as in Defendants' Reply Brief to Plaintiff's Opposition to Defendants' Request for Judicial Notice, which are hereby incorporated verbatim herein.

**B.     The Plaintiff cannot meet the applicable standard for likelihood of confusion as a matter of law.**

While the Plaintiff correctly cites the applicable *Sleekcraft* factors test in this Circuit for determining whether there is a likelihood of confusion[8], it cannot meet that burden as a matter of law. That is because the allegations in the Complaint confirm the relevant market as San Diego and because the Plaintiff does not use the Marks in San Diego. That is confirmed by the Plaintiff's website. See Defendants' RJN #s 14-19. However, much like the Wizard of Oz, the Plaintiff attempts to hide the truth from this Court. First, Defendant FLS provides real estate brokerage services for one, and only one, market; the San Diego market. It has done so since 1999 under the trade names "San Diego Better Homes Realty" and "San Diego Better Homes". Plaintiff BHR, on the other hand, began its San Diego operations **at least 9 after FLS, but more importantly does not utilize the Marks in San Diego.** Once again, see Defendants' RJN #s 1, 13-24 for the parties' respective histories. Finally, it is also important to note that although BHR

---

[7] See footnotes 2, 4 and 5, supra.
[8] *AMF, Inc. v. SleekcraftBoats*, 599 F.2d 341, 348 (9th Cir. 1979)

claims to do business under the trade name "Better Homes", it neither pleads nor holds a federal trademark registration for "Better Homes".

Moreover, the Plaintiff also misrepresents the issues in the *Network Automation* case, which in fact was a trademark infringement case as well as its application to this case. **"Systems' objection to Network's use of its trademark to interest viewers in Network's website gave rise to this trademark infringement action."** *Network Automation*, 638 F.3d at 1142. (Emphasis added). **"Network responded that its use of the ActiveBatch mark was non-infringing as a matter of law, and filed this lawsuit seeking a declaratory judgment of non-infringement. Systems counterclaimed on February 22, 2010, alleging trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1), and moved for a preliminary injunction against Network's use of the ActiveBatch mark pending trial."** *Network Automation*, 638 F.3d at 1143. (Emphasis added). In the Ninth Circuit's view, how Internet search results are labeled or otherwise depicted onscreen is particularly important in the keyword advertising context, because the "likelihood of confusion will ultimately turn on what the consumer saw on the screen and reasonably believed, given the context." *Network Automation* at 1153. If a consumer, or better yet, this Court as it is allowed to do, views the respective websites of "BHR.com" and "sandiegobetterhomes.com", there is no possible way that either could be confused as between the 2 companies as a matter of law.

Finally, the search terms "better homes", "Better Homes Realty" and "better homes realty" reveal a crowded field of real estate advertisers including "Better Homes and Gardens Real Estate" and BHR; but not the FLS marks[9]. The Opposition fails to even address this point. When "the marketplace is replete with products using a particular trademarked" symbol, it "indicates not only the difficulty in avoiding its use but also, and directly, the likelihood that consumers will not be confused by its use." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1144 (9th Cir. 2002). See also *JL Beverage*

---

[9] See RJN Document #s 9 through 11 inclusive.

*Company, LLC v. Jim Beam Brands Co.*, 2016 WL 3770484 (9th Cir. 2016).

In summary, Big Bad Goliath (BHR) is attempting to force David (FSL) out of business in San Diego where David has been doing business at least 9 years before Big Bad Goliath left the comfy confines of Nevada[10]. The pleadings as well as other matters provided by Defendants and that may be considered by this Court clearly indicate that no consumer would likely be confused between the companies after reviewing their respective websites. If the pleadings as well as other matters that may be considered by the Court show that confusion is unlikely, the claim should be dismissed. *See Murray v. Cable NBC, 86* F.3d 858, 860 (9th Cir. 1996) (citing *Toho Co. v. Sears, Roebuck & Co.,* 645 F.2d 788, 790-791 (9th Cir. 1981)). The same analysis applies to the Second, Third, Fourth and Fifth Causes of Action.

## IV. CONCLUSION

For the reasons set forth above, this Court should exercise its powers to dismiss all 5 claims against the Defendants with prejudice as Defendants have shown as a matter of law that the Complaint cannot be saved by amendment.

Respectfully submitted,

THE ALBERTS FIRM, APC

Dated: October 17, 2016

*s/ Houston M. Watson, Esq.*
Houston M. Watson, Esq.
Attorneys for Defendants
John Franco Watmore, Florian Antonietta Losapio, and FLS and Associates, Inc.

---

[10] The Complaint does not allege when BHR commenced any operations in San Diego but admits that it never ventured outside of Nevada until 2008. See RJN # 16.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1901 E. Fourth Street, Santa Ana, California 92705.

On October 17, 2016, I served the foregoing document, described as **DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on all interested parties in this action as follows:

RAYMOND J. FULLERTON, ESQ., SBN 219264
STERLING E. TIPTON, ESQ., SBN 259982
GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.
90 South E Street, Suite 300
Santa Rosa, California 95404
Telephone: 707/545-1660
Facsimile: 707/545-1876
Email: rfullerton@gearylaw.com
Attorneys for Plaintiff
*Better Homes Realty, Inc.*

[X]  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[X]  **(FEDERAL)** I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 17, 2016 at Santa Ana, California.

_____
Jesse Vera