UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER HOMES REALTY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FRANCO WATMORE; FLORIAN ANTONIETTA LOSAPIO; FLS AND ASSOCIATES, INC.; and DOES 1 to 25,<br><br>Defendants. | Case No.: 3:16-cv-01607-BEN-MDD<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART**<br><br>**[ECF No. 9]** |

Plaintiff Better Homes Realty, Inc. ("Plaintiff" or "BHR") filed a complaint alleging trademark infringement, unfair competition, false designation of origin, and injury to business reputation against Defendants John Franco Watmore ("Watmore"), Florian Antonietta Losapio ("Losapio"), and FLS and Associates, Inc. ("FLS"). (Compl., ECF No. 1.) Defendants now move to dismiss the complaint. (Mot., ECF No. 9.) Plaintiff opposes the motion. (Opp'n, ECF No. 10.) For the following reasons, the Court grants the motion to dismiss in part.

/ / /

/ / /

/ / /

# BACKGROUND[1]

Plaintiff BHR is a real estate brokerage franchising business in Nevada. (Compl. ¶ 5, 9.) BHR has franchise locations throughout California and the United States. (*Id.* ¶ 9.) Plaintiff's predecessor registered the marks "BETTER HOMES" and "BETTER HOMES REALTY" with the U.S. Patent and Trademark Office on June 25, 1985. (*Id.* ¶ 10.) The relevant trademark registration numbers are 1509510 and 1344964. (*Id.*) Plaintiff received the rights to the trademarks through an assignment in June 2015. (*Id.*)

Defendants offer real estate and investment services in San Diego, California under the names "San Diego Better Homes," "sandiegobetterhomes.com", and/or "San Diego Better Homes Realty." (*Id.* ¶ 11.) Defendants' website and advertising materials use the "BETTER HOMES" and "BETTER HOMES REALTY" marks. (*Id.*) Their marketing materials include the following mark:



# San Diego Better Homes Realty

**John Watmore**

**Floriana LoSapio**

(*Id.*) Defendants market to the same potential customers as Plaintiff, and through the same market channels. (*Id.*) Plaintiff has not authorized Defendants' use of Plaintiff's trademarks. (*Id.* ¶ 12.) Plaintiff alleges that Defendants' use of its marks is likely to

---

[1] The Court is not making any findings of fact, but rather, summarizing the relevant allegations of the Complaint for purposes of evaluating Defendants' Motion to Dismiss.

cause confusion, mistake, or deception among the public. (*Id.* ¶ 14.) Plaintiff demanded that Defendants cease and desist all use of the "BETTER HOMES" trade name and service marks, but Defendants refused. (*Id.* ¶ 15.)

Plaintiff subsequently brought a lawsuit alleging federal trademark infringement under 15 U.S.C. § 1114(1), unfair competition and false designation of origin under 15 U.S.C. § 1125(a), unfair competition under California Business and Professions Code § 17200 *et seq.*, common law unfair competition, and common law injury to business reputation. It seeks damages, an injunction, an accounting for all profits derived from Defendants' use of the marks, destruction of all of Defendants' promotional materials bearing the marks, and attorneys' fees and costs. Defendants move to dismiss the complaint for failing to state a claim against any and all Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Court will first consider the parties' respective requests for judicial notice. The Court will then discuss and analyze the grounds for dismissal advanced by

Defendants.

## I. Requests for Judicial Notice

### a. Defendants' Request for Judicial Notice

In support of their motion to dismiss, Defendants ask this Court to take judicial notice of 25 documents. (Defs.' Request for Judicial Notice ("RJN"), ECF No. 9-3; *see also* Notice of Errata to Defs.' RJN, ECF No. 12-2.) The documents fall into six categories: (1) certified copies of San Diego County Fictitious Business Name Statements for "San Diego Better Homes Realty" and "SanDiegoBetterHomes.com" (Defs.' RJN Nos. 1-2); (2) saved screenshots of online searches run on the County's Fictitious Business Name Statement website (Defs.' RJN Nos. 3-7); (3) saved screenshots of Google searches (Defs.' RJN Nos. 8-13); (4) saved screenshots of webpages on Plaintiff's website (Defs.' RJN Nos. 14-19); (5) saved screenshots of webpages on Defendants' website sandiegobetterhomes.com (Defs.' RJN Nos. 20-23); and (6) U.S. Patent and Trademark Office Registration Numbers 1509510 and 1344964 (Defs.' RJN Nos. 24-25.) Houston M. Watson II, attorney for Defendants, performed the searches and collected the screenshots on September 7, 2016. (Decl. of Houston M. Watson ¶¶ 1-2.) Plaintiff objects to the request for judicial notice. (Pls.' Opp'n to Defs.' RJN, ECF No. 10-1.)

When considering a motion to dismiss, a court typically does not look beyond the complaint to avoid converting a motion to dismiss into a motion for summary judgment. *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 760 (C.D. Cal. 2015) (citing *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.3d 1279, 1282 (9th Cir. 1986)). Notwithstanding this precept, a court may take judicial notice of material which is included in, referenced in, or relied upon by the complaint, matters in the public record, and facts "not subject to reasonable dispute" that are "generally known within [this Court's] territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" under Federal Rule of Evidence 201(b). *Id.* (internal citations omitted).

In this case, the Court **GRANTS** Defendants' request for judicial notice of the certified copies of San Diego County Fictitious Business Name Statements, the screenshots of searches run on the County's Fictitious Business Name Statement website, and the trademark registration information from the U.S. Patent and Trademark Office. (Defs.' RJN Nos. 1-7 & 24-25.) Plaintiff does not substantively object to these documents, but rather contends that some of the documents are incorrectly described in Defendants' request. Defendants have corrected these inadvertent omissions in their Notice of Errata. These documents are proper subjects of judicial notice because they are public records and the registration information is referenced in the complaint. *See Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1159, 1163 (S.D. Cal. 2014) (granting request for judicial notice of public records filed with the U.S. Patent and Trademark Office).

However, the Court **DENIES** Defendants' request as to the Google search result screenshots and the screenshots of Plaintiff's and Defendants' websites. Defendants seek to use these documents to establish that a consumer would not be confused between BHR and FLS's business and ask the Court to accept the truth of the facts stated in the various screenshots. The documents purportedly demonstrate that Plaintiff entered the San Diego market after Defendant FLS, that Plaintiff operates in San Diego as "BHR San Diego," and that a consumer seeking to buy real estate in San Diego would never see Defendants' and Plaintiff's marks on the same internet screen at the same time.

Information on websites, especially a party's website, is often not considered an appropriate subject of judicial notice. *Gerritsen v. Warner Bros. Entm't*, 112 F. Supp. 3d 1011, 1030-31 (C.D. Cal. 2015) (citing cases and declining to take judicial notice of defendant's website); *Spy Optic*, 163 F. Supp. 3d at 763 ("[P]rivate corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." (quoting *Victaulic Co v. Tieman*, 499 F.3d 227, 237 (3d Cir. 2007))). Similarly, Google search results are not proper subjects of judicial notice because the "results of a Google search are continually changing and

thus cannot 'be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Novation Ventures, LLC v. J.G. Wentworth Co., LLC*, No. 15-00954 BRO (PJWx), 2015 WL 12765467, at *3 (C.D. Cal. Sept. 21, 2015) (citing cases and declining to take judicial notice of Google search results).

Here, Defendants ask the Court to take notice of information on corporate websites and Google search results to establish that Plaintiff cannot demonstrate consumer confusion as a matter of law. This is a key disputed issue. Defendants fail to show that the information in these documents is "not subject to reasonable dispute." Accordingly, to the extent Defendants seek judicial notice to demonstrate the lack of consumer confusion, the Court declines to take judicial notice of the documents. *See Pinterest, Inc. v. Pintrips, Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (declining to take judicial notice of documents to demonstrate that plaintiff's mark is generic because "this hotly contested question cannot be answered solely by reference to information gleaned from judicially noticeable documents"); *see also Victaulic Co.*, 499 F.3d at 237 ("Taking a bare 'fact' that is reflected not in the pleadings, but on a corporate website, and then drawing inferences *against* the non-moving party so as to dismiss its well-pleaded claims on the basis of an affirmative defense, takes us, as a matter of process, far too afield from the adversarial context of litigation.").

To the extent Defendants' website sandiegobetterhomes.com is nonetheless noticeable because it is referenced in the complaint (*see* Compl. ¶¶ 11, 13), it is noticeable only for its existence but not the truth of the facts stated therein, and thus is irrelevant for resolving Defendants' motion to dismiss. *See Hologram USA Inc. v. Arena3d Indus. Illusions LLC*, No. CV 14-03072 BRO, 2014 WL 12560619, *3 (C.D. Cal. July 23, 2014) ("The Court has reviewed Plaintiffs' request and finds that only the existence of the [parties'] websites, and not the content on those websites, is properly subject to judicial notice.").

**b. Plaintiff's Request for Judicial Notice**

In its opposition to Defendants' motion, Plaintiff requests the Court take judicial

6

3:16-cv-01607-BEN-MDD

notice of a printout from the U.S. Patent and Trademark Office online database showing the "Trademark Assignment Cover Sheet" and "Recordation of Name Change" for registered trademark numbers 1509510 and 1344964. (Pls.' RJN, ECF No. 10-2.) Defendants do not object to the request. Because these are public records, the Court **GRANTS** Plaintiff's request. *See Celebrity Chefs Tour, LLC*, 16 F. Supp. 3d at 1163.

## II. Claims Against Individual Defendants Watmore and Losapio

Defendants move to dismiss the claims against individual defendants John Franco Watmore and Florian Antonietta Losapio. The complaint contains one allegation specific to Watmore and Losapio: "Upon information and belief, plaintiff alleges that defendants Watmore and LoSapio are, and at all times mentioned herein were, individuals residing in the State of California and doing business in this District using the DBAs "sandiegobetterhomes.com," "San Diego Better Homes," and/or "San Diego Better Homes Realty." (Compl. ¶ 6.) Thereafter, the complaint pleads facts and claims for relief against "Defendants" generally without differentiating between Watmore, Losapio, and FLS. The complaint does not allege that Watmore and Losapio were or are agents of FLS.

"As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (internal citations omitted). "Accordingly, a complaint which 'lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" *Id.* (quoting *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996)). However, a plaintiff's assertion of claims against "Defendants" generally will not always be deficient. *Id.* In *Adobe Systems*, Judge Koh held that the complaint did not impermissibly lump together multiple defendants because the complaint alleged that the moving defendant, "Blue Source, as well as Defendants UPI and JHS, supplied the SoftwareMedia Defendants with infringing products, and that Blue Source was not authorized to sell or

distribute such products." *Id.* at 966. Plaintiff relies on *Adobe Systems* to argue that its complaint sufficiently pleads claims against the individual defendants.

However, *Adobe Systems* is inapposite to the situation here. In *Adobe Systems*, the complaint only brought claims against entity defendants and, importantly, Blue Source was the only remaining defendant. Moreover, while the complaint included allegations against "Defendants" generally, it also included some allegations specific to Blue Source. Here, in contrast, there is an entity defendant and two individual defendants, and the complaint does not distinguish between the actions of the three. Furthermore, while it appears there is some relationship between the individual defendants and the entity defendant,[2] the complaint does not say what it is.

The cursory references to the individual defendants and the allegations against all defendants generally fail to give the individual defendants notice of their infringing acts that caused harm to Plaintiff. On this ground, the Court dismisses the complaint and grants Plaintiff leave to amend.

## III. Likelihood of Trademark Confusion

Defendants move to dismiss all claims on the grounds that there is no likelihood of confusion between Plaintiff's and Defendants' marks as a matter of law. "To maintain an action for trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), and unfair competition under California law, a plaintiff must prove the defendant's use of the same or similar mark would create a likelihood of consumer confusion." *Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 860 (9th Cir. 1996). If a court determines from the pleadings and judicially noticed facts that confusion is unlikely as a matter of law, the complaint should be dismissed. *Id.* But,

---

[2] The complaint includes a copy of Defendants' mark, which includes the names of the individual defendants next to the business's name. The Court also has taken judicial notice of the Fictitious Business Name Statements filed with the County of San Diego for "San Diego Better Homes Realty" and "SanDiegoBetterHomes.com," and those documents include Defendant Watmore's name as the "registrant."

while likelihood of confusion *can* be decided as a matter of law, "[w]hether confusion is likely is a factual determination woven into the law" that courts "routinely treat . . . as [an issue] of fact." *Parts.com, LLC v. Yahoo! Inc.*, 996 F. Supp. 2d 933, 936 (S.D. Cal. 2013) (quoting *Levi Strauss & Co. v. Blue Bell, Inc.,* 778 F.2d 1352, 1356 (9th Cir. 1985)).

The likelihood of confusion is the central element of trademark infringement, and the "issue can be . . . cast as the determination of whether 'the similarity of the marks is likely to confuse customers about the source of the products'" or services. *GoTo.com, Inc. v. Walt Disney Co.*, 02 F.3d 1199, 1205 (9th Cir. 2000) (internal citation omitted). The Ninth Circuit uses eight factors, set out in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003), to determine whether a defendant's use of a mark or name creates a likelihood of confusion. The factors are: (1) the strength or distinctiveness of the mark; (2) the proximity or relatedness of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting its mark; and (8) the likelihood of expansion into other markets. *Sleekcraft*, 599 F.2d at 348. The *Sleekcraft* factors are non-exhaustive and should be applied flexibly. *Network Automation, Inc. v. Adv. Sys. Concepts, Inc.*, 638 F.3d 1137, 1149 (9th Cir. 2011).

Considering these factors, and taking the facts alleged in the complaint to be true and the matters judicially noticed, Plaintiff sufficiently alleges a likelihood of confusion. First, Plaintiff has sufficiently pled the strength of the mark because federal registration gives the mark a presumption of distinctiveness. *Vapor Spot, LLC v. Breathe Vape Spot, Inc.*, No. CV 15-02110 MMM, 2015 WL 12839123, *8 (C.D. Cal. Sept. 15, 2015). The mark has been registered since 1985 and used throughout the United States, including Plaintiff's franchise locations in southern California. (Compl. ¶¶ 9-10.) Second, Plaintiff sufficiently alleges the relatedness of the goods because both parties offer services in

residential real estate. (*Id.* ¶¶ 9-11.) Third, the complaint plausibly alleges that Plaintiff's mark "BETTER HOMES REALTY"[3] is sufficiently similar to Defendants' marks "San Diego Better Homes, "sandiegobetterhomes.com," and "San Diego Better Homes Realty" such that a reasonable consumer would be confused. The marks use some of the same words, and the parties operate in the same industry generally. *See Vapor Spot*, 2015 WL 12839123, at *12 ("A diminished standard of similarity is . . . applied when comparing the marks of closely related goods."). As to the fourth factor, Plaintiff has not alleged evidence of actual confusion; however, "the absence of such allegations is not fatal to [Plaintiff's] claims at the pleading stage." *Id*. Such evidence may be developed in discovery. The complaint fails on the fifth factor, the degree to which the parties' marketing channels converge. On this factor, the complaint only pleads in a conclusory manner that the two businesses compete for the same customers through the same marketing channels. (Compl. ¶ 11.) However, market convergence "is merely one of several relevant factors, . . . and likelihood of confusion can still be found in its absence." *Vapor Spot*, 2015 WL 12839123, at *14 (finding that plaintiff failed to adequately plead market convergence factor but nevertheless plausibly alleged a likelihood of consumer confusion). Similarly, Plaintiff's allegations about Defendants' intent are conclusory. (*See* Compl. ¶ 20.) The complaint is devoid of facts about how the type of good and degree of care likely to be exercised by the purchaser may affect consumer confusion. Lastly, Plaintiff does not allege any factors about either party's intent to expand into new markets.

Although Plaintiff does not plead all of the *Sleekcraft* factors adequately, "the mere number of factors is not dispositive." *Vapor Spot*, 2015 WL 12839123, at *15 (finding

---

[3] The Court notes that while the Complaint suggests that Plaintiff registered "BETTER HOMES" as a mark, there is no such registration. Rather, U.S. Trademark Registration numbers 1509510 and 1344964 claim the word mark "Better Homes Realty" and a design crest with the words "Better Homes Realty." (*See* Defs.' RJN Nos. 24-25.)

10

likelihood of confusion despite plaintiff's failure to adequately plead actual customer confusion, market convergence, lack of consumer care, defendant's intent, or planned expansion of product lines). By using the factors to guide the Court in assessing the basic question of likelihood of confusion, the Court finds that it is plausible that a consumer seeking residential real estate services in southern California could be confused between the two parties' businesses. *See Kythera Biopharm., Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 901 (C.D. Cal. 2014) (finding plausible allegations of a likelihood of confusion); *Parts.com, LLC*, 996 F. Supp. 2d at 936 (same).

**IV.    First Use of the Mark**

Defendants also argue that they were first to use the mark, and that "first use" is a required element for Plaintiff's false designation of origin and state law claims. This argument fails for several reasons. First, the case cited for the proposition that "first use" is an element does not support this contention. Rather, "prior use" is an affirmative defense. *See* 15 U.S.C. § 1115(b)(5); *Roseville Fullerton Burton Holdings, LLC. V. SoCal Wheels, Inc.*, No. SACV 14-1954-JLS, 2016 WL 6159014, at *4 (C.D. Cal. May 20, 2016) ("[I]t is inappropriate at the pleading stage . . . to determine factual issues, such as . . . prior use."). Moreover, the facts on which Defendants rely to support their "first use" argument are not facts of which this Court has taken judicial notice.

**V.    Standing**

Finally, in a footnote, Defendants argue that Plaintiff does not have standing to bring a claim with respect to the word mark "BETTER HOMES REALTY" under registration number 1509510 because the U.S. Patent and Trademark Office website shows that trademark as owned by Avalar Network, Inc. (*See* Defs.' RJN No. 24.) Defendants do not develop their argument beyond the few sentences in the footnote. In its opposition, Plaintiff provides the assignment information for trademark registration number 1509510, which is available on the U.S. Patent and Trademark Office database. (Pls.' RJN.) The documents show that Avalar Network, Inc. conveyed the mark to Better Homes Realty, Inc. (Pls.' RJN.) Defendants do not respond to this issue in their reply.

11

3:16-cv-01607-BEN-MDD

Because it appears that Better Homes Realty, Inc. is the proper assignee of the trademark, it has standing to bring the claims.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to dismiss **IN PART.** The Court grants Plaintiff leave to amend to correct the deficiencies noted. Plaintiff may file an amended complaint within 21 days of the signature date of this Order.

**IT IS SO ORDERED.**

Dated: April 18, 2017

_____
Hon. Roger T. Benitez
United States District Judge